## MARCUS v. BAKER et ux.
### No. 4626.

Court of Civil Appeals of Texas. El Paso.
March 16, 1949.

Rehearing Denied April 6, 1949.

Andress, Lipscomb & Peticolas, El Paso, for appellant.

Potash & Comeron and Julian F. Bernat, El Paso, for appellees.

McGILL, Justice.

On March 8, 1948, appellant purchased from appellees:

"All of the business, stock, equipment, signs, lease, good will and other assets of whatsoever nature of that business heretofore known as Baker's Kosher Meats & Delicatessen in the City Market, 708 E. San Antonio St., El Paso, Texas."

The bill of sale evidencing the purchase contained the following clause:

"To make effective the sale of the good will of said business, the sellers hereby contract and agree that they will not for a period of one year from this date within one mile of the location of the business herein sold and transferred enter into a business competitive to the business herein sold and transferred either as owner, officer, manager, employee or any other capacity."

Appellees as plaintiffs instituted this suit against appellant as defendant seeking a declaratory judgment decreeing that the restrictive covenant contained in the quoted clause was no longer effective, and enjoining defendant from asserting any claim for damages for violation thereof. By a cross-action defendant alleged that plaintiffs were making arrangements to open a competitive business at 414 North Mesa Avenue in the city of El Paso, such location being within less than one mile from 708 East San Antonio Street in the City of El Paso, in violation of such restrictive covenant, and prayed that they be enjoined from doing so, and from continuing to advertise the opening of such business. Trial to the court resulted in a judgment adjudging and declaring that the contract entered into between plaintiffs and defendant (the clause above quoted) did not prohibit plaintiffs from going into business at 414 North Mesa Avenue, and denying defendant an injunction prohibiting them from doing so.

Appellant presents one point: The error of the court in holding ineffective and unenforceable the covenant of the seller of the business and good will thereof not to enter into competitive business for one year within one mile of the location of the business sold, where the purchaser temporarily ceased business intending to reopen at a new location.

The court filed findings of fact. The findings which we deem material are in substance: That a substantial part of the consideration paid by appellant was paid for the good will of the business and the restrictive covenant; that without such covenant he would not have made the purchase; that on or about the 1st of August, 1948, appellant terminated the business which he had purchased at the City Market and the same had been closed ever since and the premises were now (at the time of the trial) occupied by another party; that prior to and at the time of the sale and purchase and at all times since appellant intended to operate a Super-Market with various departments including a depart-

ment similar to the business he purchased, at 2601 North Mesa Avenue in the city of El Paso; that the place appellees were preparing to open (a business similar to that they had sold to appellant) at 414 North Mesa Avenue was within less than one mile of the place of business sold at the City Market; that the location where appellant was going to open his Super-Market is a mile and a half from the City Market; that it was appellant's intention at all times, insofar as possible, to move the business which he purchased from the City Market to his new location at 2601 North Mesa Avenue "and by publicity, advertising and other means to attempt to secure the 'good-will' and clientele of said business at the market of (at) 2601 North Mesa Avenue."

It is at once apparent from the court's findings that the business which was the subject of the sale and purchase was located in the City Market, at 708 East San Antonio Street, and that this business ceased to exist on August 1, 1948. This was the only business which under the express terms of the restrictive covenant appellees agreed that they would not compete with. The language "will not * * * enter into a business competitive to the business herein sold and transferred" admits of no other construction. Another similar business which appellant might establish at 2601 North Mesa Avenue could not be the business which was the subject of the sale and purchase, with which the restrictive covenant prohibited appellees from competing, even though it might derive some benefit from the good will engendered by that business. To so hold would be to ignore the limitation in the restrictive covenant that the prohibited competitive business should not be entered into "within one mile of the location of the business herein sold and transferred." Since the business which was the subject of protection by the restrictive covenant had ceased to exist on August 1st, 1948, appellees could not thereafter "enter into a business competitive to" it. They therefore would not violate the restrictive covenant by opening a similar business at 414 North Mesa Avenue.

The judgment is affirmed.